NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNA A. VALENCIA NAVA; NORMA E. VALENCIA NAVA, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-70375 Agency Nos. A075-256-177 A075-256-178 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Reyna A. Valencia Nava and Norma E. Valencia Nava, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, where it was filed more than 14 years after their final administrative decision, and petitioners did not show they qualify for any exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after the date of the final administrative decision); 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the filing deadline). Contrary to petitioners' contention, 8 C.F.R. § 1003.2(c)(1) does not list an exception to the filing deadline.

Contrary to petitioners' contention, the BIA provided sufficient reasoning in declining to reopen sua sponte. *See Bonilla*, 840 F.3d at 588 (the court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

**PETITION FOR REVIEW DENIED.**

18-70375